IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL WILLIAM DOBLER,<br><br>Defendant. | CR 17-04-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Daniel William Dobler (Dobler) has been accused of violating the conditions of his supervised release. Dobler admitted alleged violations 1, 3, 4 and 5. Dobler denied alleged violations 2, 6, 7, 8, 9 and 10. The Court dismissed alleged violations 2, 6, 7, 8, 9 and 10 on the government's motion. Dobler's supervised release should be revoked. Dobler should be placed in custody for 6 months, with no supervised release to follow. Dobler should receive credit for time served from the date of his arrest on the federal arrest warrant.

## II. Status

Dobler pleaded guilty to Interstate Transportation of Stolen Property on May 18, 2017. (Doc. 58). The Court sentenced Dobler to 42 months of custody,

followed by 3 years of supervised release. (Docs. 74, 104). Dobler's current term of supervised release began on January 16, 2020. (Doc. 112 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on December 13, 2022, requesting that the Court revoke Dobler's supervised release. (Doc. 112). The Second Amended Petition alleged that Dobler had violated the conditions of his supervised release: 1) by inhaling a synthetic stimulant; 2) committing another crime on three separate occasions; 3) by failing to report for substance abuse treatment; 4) by failing to make monthly restitution payments; 5) by failing to notify his probation officer of a change in residence; 6) by possessing methamphetamine and heroin; and 7) by failing to notify his probation officer of a contact with law enforcement.

**Initial appearance**

Dobler appeared before the undersigned for his initial appearance on January 17, 2023. Dobler was represented by counsel. Dobler stated that he had read the petition and that he understood the allegations. Dobler waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 17, 2023. Dobler admitted that he had violated the conditions of his supervised release: 1) by inhaling a synthetic stimulant; 2) by failing to report for substance abuse treatment; 3) by failing to make monthly restitution payments; and 4) by failing to notify his probation officer of a change in residence. Dobler denied alleged violations 2, 6, 7, 8, 9 and 10. The Court dismissed alleged violations 2, 6, 7, 8, 9 and 10 on the government's motion. The violations that Dobler admitted are serious and warrant revocation of Dobler's supervised release.

Dobler's violations are Grade C violations. Dobler's criminal history category is IV. Dobler's underlying offense is a Class C felony. Dobler could be incarcerated for up to 24 months. Dobler could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.  Analysis

Dobler's supervised release should be revoked. Dobler should be incarcerated for 6 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Dobler should receive credit for time served from the date of his arrest on the federal arrest warrant.

## IV. Conclusion

The Court informed Dobler that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Dobler of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Dobler that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Dobler stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Daniel William Dobler violated the conditions of his supervised release: by inhaling a synthetic stimulant; by failing to report for substance abuse treatment; by failing to make monthly restitution payments; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

> That the District Court revoke Dobler's supervised release and commit Dobler to the custody of the United States Bureau of Prisons for 6 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of January, 2023.

/s/ John Johnston
John Johnston
United States Magistrate Judge